## McKESSON & ROBBINS, Inc., v. EDWARDS.

District Court, S. D. New York.
Feb. 5, 1930.

888

William A. Nunlist, of Brooklyn, N. Y., for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City, for defendant.

BONDY, District Judge.

So far as the action may be based upon the rejection of any claim for amortization for war facilities in the year 1918, made under sections 234(a) (8) of the Revenue Acts of 1918 (40 Stat. 1078) and 1921 (42 Stat. 255) and section 1209 of the Revenue Act of 1926 (44 Stat. 130, 26 USCA § 1072), it cannot be sustained because the plaintiff at the time of filing its return did not make any deduction for amortization nor file any claim for amortization on or before June 15th, 1924.

If the action is based on a claim for refund of a tax erroneously or illegally assessed or collected, it cannot be maintained, even if the February, 1925, claim for refund was timely by virtue of the filing of a waiver before June 15, 1924, as alleged (section 281 (e) Revenue Act 1924 [43 Stat. 302, 26 USCA § 1065 note]), because this action was begun more than five years after the tax was paid and more than two years after the disallowance of the claim, Revenue Act of 1924, § 1014, Revised Statutes § 3226 (43 Stat. 343, 26 USCA § 156).

As appears by the complaint and the affidavit submitted in support of the motion to dismiss the complaint, the tax was paid in 1919, but the action was not begun till March 24, 1928, that is, more than eight years thereafter, and a claim for refund filed in February, 1925, was rejected by the Commissioner of Internal Revenue on a schedule signed by him on December 23, 1925, that is, more than two years before March 24, 1928, when the action was begun.

It also appears thereby that on or about December 4, 1925, the Commissioner of Internal Revenue advised plaintiff by letter of the rejection of the claim and that the rejection would officially appear on the next schedule to be approved by the commissioner.

After that rejection and on January 14, 1926, there was submitted to the Commissioner of Internal Revenue "a claim for amortization," dated December 1, 1925, and on or about November 23, 1926, a supplemental claim for amortization, dated December 19, 1926.

On March 27, 1926, the Commissioner again wrote to the plaintiff that its claim would be rejected and the rejection officially appear on the next schedule to be approved by the Commissioner. The claim for refund having been rejected in December, 1925, the time within which the government consented that it might be sued could not be extended, because, as a matter of courtesy, the Commissioner sent the taxpayer another letter of rejection that could have referred only to a claim filed before April 1, 1925, which had already been rejected, or to a claim filed after April 1, 1925, which could not be allowed because it was filed too late even if there was a waiver.

There is no evidence that the original claim for refund was reopened, or that any attempt was made to reopen it in accordance with the provisions of the statute.

The motion to dismiss therefore is granted.